# IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| JESUS SANCHEZ OTERO,<br><br>    Plaintiff,<br><br>v.<br><br>SBP INTERNATIONAL PLAZA, LLC and<br>SBP MANAGEMENT, LLC,<br><br>    Defendants. | Case No.:<br><br><br>**ACTION FOR DAMAGES**<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

COMES NOW Plaintiff, Jesus Sanchez Otero, by and through the undersigned counsel hereby files his Complaint against Defendants SBP International Plaza, LLC and SBP Management, LLC and alleges as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332.

2. The plaintiff Jesus Sanchez Otero is a citizen of the United States and resident of Puerto Rico.

3. The defendant SBP International Plaza, LLC (hereinafter referred to as "International Plaza"), is the owner and operator in possession and control of certain premises described as Parcel No. 22 Dronningens Gade, Unit No. 133, St. Thomas, Virgin Islands.

4. The defendant SBP Management, LLC ("SBP Management") is, upon information, the Property Manager and/or operator in possession and control of certain premises described as Parcel No. 22 Dronningens Gade, Unit No. 133, St. Thomas, Virgin Islands.

5. On or around April 15, 2016, the plaintiff, JESUS SANCHEZ OTERO, was an invitee to the premises known as the International Plaza (the "Premises").

6. The plaintiff was performing work with the router and switches and was trouble shooting at the premises known as the International Plaza.

7. After the Plaintiff was on the subject premises he began to walk down the stairs from the second floor down to the first floor in an attempt to exit the building.

8. As he was walking down the stairs, he fell down because it was wet and slippery from a large amount of water that had been allowed to accumulate.

9. At the time of the incident complained of herein, the stairs and area around the stairs also did not have proper lighting (if any), safety signs, warning signs or any other safety measures to assist individuals to safely traverse the area.

10. At the time of the incident complained of herein, the stairwell and area around the stairs also contained a wet and slippery substance and that area did not have any safety signs, warning signs or any other safety measures to enable individuals to safely traverse the area.

11. As a direct and proximate result of the Defendants' failure to ensure that its premises were in a safe condition, the Plaintiff fell down the stairs, causing him to sustain injuries to his body including his back and left leg.

12. Defendants were responsible for inspecting and maintaining the area specifically the stair wells. Defendants were also responsible for ensuring that the stair wells contained proper lighting, safety signs, warning signs or any other safety measures to enable pedestrians to traverse the area. The lack of proper lighting, safety signs, warning signs or any other safety measure caused the Plaintiff to fall and sustain injury.

13. Defendants were also responsible for inspecting and maintaining the area specifically the stair wells. Defendants were also responsible for ensuring that spills and/or substances left on the stair wells were cleaned up and clear to enable pedestrians to traverse the area. The lack of the spill and/or substance being cleaned up also caused the Plaintiff to fall and sustain injury.

14. As a direct and proximate result of the negligent acts and omissions of the defendants, the Plaintiff was severely and permanently injured as a result of the incident, acts and omissions complained of herein.

15. Plaintiff's injuries include physical pain and suffering, mental anguish, loss of enjoyment of life, loss of income, loss of the capacity to earn income and medical expenses, all of which have accrued in the past, and will continue to accrue into the future.

## COUNT I
### (Negligence)

16. Plaintiff repeats and realleges all preceding paragraphs 1-15, which are incorporated herein by reference.

17. The defendants had a duty to the plaintiff that required the defendants and its agents to maintain the Premises in a reasonably safe condition for invitees such as the plaintiff.

18. This obligation creates a duty on the part of the defendant to maintain, inspect, and to ensure that the Premises are in a reasonably safe condition for invitees on the Premises, such as the plaintiff.

19. Defendants, through its owners, agents, employees, officers and directors, were negligent to include but not be limited to:

(a) in failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to provide adequate safety measures to protect pedestrians on the subject premises from the risk of falls, including but not limited to properly lit stairs, safety signs, warning signs, and other necessary safety measures to address the foreseeable consequences failing to provide adequate safety measures.

(b) in failing to provide a safe environment for persons such as the plaintiff, including but not limited to by failing to have its employees actually make, adequate patrols of the floor so as to locate, warn of, cordon off, and to timely correct conditions that can pose a hazard to customers, including spilled and/or substances on the stairs as complained of herein; and

(c) in failing to conduct reasonable and timely inspections of its premises;

(d) in failing to provide adequate training to its agents and employees;

(e) in failing to provide adequate lighting for walkways and stairs on its premises, and particularly at the area where the plaintiff fell; and

(f) in other acts and omissions that will be shown at the trial of this matter.

20. Defendants' legal duties included the duty to use ordinary care in determining whether a prospective employee is competent and fit to be hired and retained as an employee, a duty to protect the public by inquiring into the competence and qualifications of those considered for employment, a duty to use ordinary care in adequately supervising its employees, a duty to use ordinary care in retaining its employees, and a duty to use ordinary care in adequately training its employees to recognize unsafe and hazardous conditions, and to take timely and adequate action to prevent, remedy, and react to

circumstances that could result in injury to invitees such as the plaintiff, or others present on the Premises.

21. These legal duties required defendants to hire, supervise, train and retain fit agents and employees that would be on the lookout to detect, and then report or to otherwise react to unsafe conditions of the premises and circumstances that could foreseeably cause injury to occur on the subject premises, including but not limited to water on the stairs left uncleaned could result in invitees sustaining injury as complained of herein.

22. The defendants failed to monitor the Premises properly and further failed to hire, retain, and to train appropriate and sufficient personnel to monitor, maintain, repair, clean, and inspect the Premises and to ensure that the Premises was maintained and operated in a manner that was safe individuals present on the Premises, such as the Plaintiff.

23. As a direct and proximate result of the defendants' negligent acts and omissions, JESUS SANCHEZ OTERO was damaged as alleged herein.

24. At all times material to the allegations set forth in this Complaint, the defendants, as the lessees and occupiers of the property/Premises where the plaintiff was injured, are and were the possessors of the property.

25. As the possessors of the property, the defendants had a duty to maintain the premises where the plaintiff was injured so that it is reasonably safe for individuals present on the premises such as the  plaintiff and did not contain unreasonable and foreseeable risks of harm and unsafe conditions including those alleged herein.

26. Prior to the time of the incident and activities complained of herein that form the basis for this lawsuit, the defendants knew or, in the exercise or reasonable care, should have known that the stair well area where the plaintiff was traversing constituted a danger and hazard to persons such as plaintiff.

27. The defendants breached their duty to maintain the Premises in a safe and secure manner, free from unreasonable risks of harm, by both failing to adequately warn the plaintiff of the conditions on its premises that presented an unreasonable risk of harm as alleged herein, and in failing to make those conditions reasonably safe.

28. As a direct and proximate result of defendants' breach of duty, plaintiff has been damaged as alleged herein.

29. Defendants are on notice of, and should have been on notice of, the substantial deferred maintenance on the subject property.

30. Other falls and accidents resulting in injury have occurred on the Premises and Defendants have actual or constructive notice of the same, including falls in the stairwell.

**WHEREFORE**, the plaintiff seeks an award of compensatory damages against the defendant in an amount as determined by the trier of fact, for costs and fees, pre-judgment interest, post-judgment interest, along with any other relief the Court deems appropriate, including punitive damages if warranted by the facts.

**JESUS SANCHEZ OTERO VS. SBP INTERNATIONAL PLAZA, ET. AL.**
Complaint
Page 7

                                        Respectfully submitted,

Dated: March 8, 2017                */s/ Ryan W. Greene*
                                        Ryan W. Greene, Esq.
                                        VI Bar No. 839
                                        15-B Norre Gade
                                        P.O. Box 1197
                                        Charlotte Amalie, St. Thomas
                                        U.S. Virgin Islands 00804
                                        Telephone:   (340) 715-5297
                                        Fax:  (888) 519-7138
                                        ryan@ryan-greene.com